# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **CONNIE SINGLETARY, an individual,** | * <br> * <br> * | |
| **Plaintiff,** | * <br> * | |
| **v.** | * <br> * | **Civil Action No. 1:06-CV-876-MHT-VPM** |
| **Merck & Co., Inc., a New Jersey Corporation,** | * <br> * <br> * | |
| **Defendant.** | * | |

## MOTION BY DEFENDANT MERCK & CO., INC. TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## INTRODUCTION

Defendant Merck & Co., Inc. ("Merck") moves this Court to stay all proceedings in this action pending its likely transfer to *In re VIOXX Prods. Liab. Litig.* MDL No. 1657, the Multidistrict Litigation ("MDL") proceeding that has been established in the Eastern District of Louisiana to coordinate all product liability cases involving alleged health risks from VIOXX® (hereinafter the "VIOXX® product liability cases") (*See* February 16, 2005 Transfer Order attached hereto as Exhibit A).

Merck has provided notice to the Judicial Panel on Multidistrict Litigation (the "MDL Panel") pursuant to Rule 7.5 of the Rules of Procedure of the Judicial

Panel on Multidistrict Litigation ("R.P.J.P.M.L.") of the pendency of this "tag-along" action.   This case was included on CTO 69 dated October 23, 2006.

Pending the transfer of this case to the Eastern District of Louisiana, a stay of proceedings is necessary and appropriate to achieve the judicial economies that underlie 28 U.S.C. § 1407.  Absent a stay, this Court will expend judicial resources supervising pre-trial proceedings and making rulings in a case over which it will likely soon lose jurisdiction and will probably never see again.  Moreover, without a stay, Merck would be significantly and unfairly prejudiced because it would have to duplicate discovery and legal briefing in jurisdictions around the country.

## BACKGROUND

### A.   MDL-1657

On February 16, 2005 the MDL Panel issued a transfer order, establishing MDL Proceeding No. 1657, *In re VIOXX Products Liability Litigation.*  The Transfer Order directed that the 148 cases subject to original motions be transferred and coordinated for pretrial proceedings in the U.S. District Court for the Eastern District of Louisiana, before the Honorable Eldon E. Fallon.  (*See* Ex. A.)  In the Transfer Order, the Panel expressly held that the VIOXX® product liability cases have overlapping questions of fact:

> On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses

> and promote the just and efficient conduct of the litigation. All
> actions focus on the alleged increased health risks (including heart
> attack and/or stroke) when taking Vioxx, an anti-inflammatory drug,
> and whether Merck knew of these increased risks and failed to
> disclose them to the medical community and consumers.
> Centralization under Section 1407 is necessary in order to eliminate
> duplicative discovery, avoid inconsistent pretrial rulings, and conserve
> the resources of the parties, their counsel and the judiciary.

(*Id.* at 2.)

The MDL Panel also held that the "nearly 300 potentially related actions pending in multiple federal districts . . . will be treated as potential tag-along actions." (*Id.* at n. 1.) There are now processes in place for getting related cases transferred to Judge Fallon's Court quickly and efficiently. Merck's counsel updates the Panel twice a week in writing of newly-filed related cases and developments in cases still under Panel consideration. The MDL Panel has been issuing conditional transfer orders transferring hundreds of additional related cases to Judge Fallon based on the information in these tag-along letters.

Pursuant to the reporting procedures mentioned above, Merck has provided notice of this action to the Panel in a "tag-along-letter" to the MDL Panel. A conditional transfer order was issued by the MDL Panel in this action on October 23, 2006. Assuming Plaintiff does not object within the 15-day period set forth in J.P.M.L. Rule 7.4(c), the transfer order will be filed in Judge Fallon's court upon

expiration of Plaintiff's period to object, and the case will be transferred for coordinated pretrial proceedings, in all likelihood within 15 days from today.[1]

**B.    The Instant Action**

On or about September 28, 2006, Plaintiffs commenced this action against Merck by filing a Complaint in this Court.   On October 3, 2006, Merck was served with a copy of Plaintiffs' Complaint.    There is no dispute that this case involves the same factual inquiries that the Panel notes were present in the VIOXX® product liability cases generally, thereby warranting coordinated pre-trial proceedings in the Eastern District of Louisiana.  Specifically, it is clear from the face of the Complaint that this case, like the other VIOXX® product liability cases, focuses on the alleged increased health risks (including heart attack and stroke) when taking VIOXX®, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers.  For example, Plaintiff alleges that "Despite knowledge in its clinical trials and post-marketing reports, studies and information relating to

---

[1].    In the event Plaintiff chooses to object to transfer to the MDL court, there is a separate procedure for filing objections to the transfer with the MDL Panel.  The issue whether the case should be transferred would be set for the next available Panel hearing session.  Given the overlapping factual issues this case appears to have with those already in the MDL proceedings, any opposition would almost certainly be futile.  In fact, on June 20, 2005 the MDL Panel considered a wide range of arguments made by plaintiffs to the transfer of 34 of the 321 cases listed on Conditional Transfer Order No. 1 and No. 2, and rejected them all.  (*See* June 20, 2005 Transfer Order (attached hereto as Exhibit B).)   The Panel ordered these cases transferred to Judge Fallon's court because it would best "serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation."  (*Id.* at 1.)

cardiovascular-related adverse health effects, Defendant promoted, marketed, distributed and/or prescribed Vioxx as safe and effective for persons such as the Plaintiff." (Compl., ¶ 5).

## **ARGUMENT**

Guided by the "policies of justice and efficiency," this Court should exercise its discretion to stay all further proceedings here pending transfer of this case to MDL-1657. *Boudreaux v. Metropolitan Life Ins. Co.,* No. 95-138, 1995 WL 83788, at *1 (E.D. La. Feb. 24, 1995). The power to stay is well established and particularly apt here. It is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S 248, 254 (1936). Where, as here, the MDL Panel has already decided that coordination is appropriate, and has designated a venue for the coordinated proceedings, a stay is particularly appropriate pending conditional transfer to those proceedings. *See New Mexico State Inv. Council v. Alexander*, 317 B.R. 440, 446 (D. N.M. 2004); *Mathern v. Wyeth*, No. Civ.A. 04-2116, 2004 WL 1922028, at *1 (E.D. La. Aug. 25, 2004); *Knearem v. Bayer Corp*., Civil Action 02-2096-CM, 2002 WL 1173551, at *1 (D. Kan. May 7, 2002); *Jackson ex rel. Jackson v. Johnson & Johnson, Inc*., No. 01-2113 DA, 2001 WL 34048067, at *6 (W.D. Tenn. Apr. 3, 2001).

When deciding whether to issue a stay pending the MDL Panel's decision on transfer of an individual action, courts look at (1) considerations of judicial economy and (2) avoidance of conflicting rulings. *Mathern*, 2004 WL 1922028, at *1. As described below, consideration of both of these factors favor granting a stay of this action. The overwhelming majority of courts to have considered the issue have agreed: literally hundreds of VIOXX® cases have been stayed by courts around the country pending MDL coordination. These decisions in other VIOXX® cases make clear the necessity of a stay here. For example, in *Denny v. Merck & Co., Inc.,* No. 04-cv-00526, slip op. (S.D. Tex. Dec. 6, 2004), the Southern District of Texas court stayed all proceedings over plaintiffs' objection, holding that "[t]he power to stay all proceedings is well established and particularly apt here." *Id.* at 2. The court observed there that "[i]t would not be efficient for this Court to invest its limited time and resources in this claim, only for it to be transferred to MDL. Moreover, both sides will benefit by having a court familiar with the complex issues that arise in pharmaceutical claims." *Id.*

## I.    *JUDICIAL ECONOMY MANDATES A STAY.*

Because of the overlapping factual issues and similar legal theories that exist in the VIOXX® cases currently pending in federal court, including this civil action, much work would be needlessly duplicated if pretrial proceedings and discovery continues to go forward on a parallel track with MDL-1657. Moreover,

if this Court were not to issue a stay, it would be issuing rulings that would likely be reconsidered after this case is transferred to Judge Fallon's court.  As the court in *U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. Civ. A 3:02-CV-0853-P, 2002 WL 31114069, at * 2 (N.D. Tex. Sept. 23, 2002), noted in granting defendant's motion for a stay, "[i]f the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted."  2002 WL 31114069, at *2.  *See also Fontanilles v. Merck & Co., Inc.*, No. 04-22799-CIV-HUCK (S.D. Fla. Dec. 14, 2004), slip op. at 2 ("Judicial consistency, economy and uniformity among similar VIOXX cases would be served by deferring resolution of the remand issue at this time"); *Falick v. Merck & Co., Inc.*, No. 04-3006 (E.D. La. Jan. 3, 2005), slip op. at 2 ("Considering the multitude of cases currently stayed due to the pending MDL coordination, the Court finds that staying the proceedings will serve the interests of judicial economy.").  The Court should not expend its limited resources "familiarizing itself with the intricacies of a case that would be heard [for pre-trial purposes] by another judge."  *See Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).  Indeed, Judge Fallon has already issued orders anticipating the transfer of cases such as this; those orders will immediately apply upon transfer of the case to his court.  *See, e.g., In re VIOXX® Products Liab. Litig.*, Pretrial Order No. 1

(Exhibit C at 1-2) ("This order . . . will also apply to any 'tag-along actions' later filed in, removed to, or transferred to, this Court.").

The Court should also refrain from holding additional status conferences or issuing additional discovery orders because "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation." *Rivers*, 980 F. Supp. at 1360-61. Moreover, MDL courts regularly decide *Daubert* and dispositive motions before they return a case to the transferor court. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531 (S.D.N.Y. 2004) (excluding plaintiffs' causation and regulatory experts under *Daubert*); *In re Propulsid Prods. Liab. Litig.*, 261 F. Supp. 2d 603 (E.D. La. 2003) (granting defendant pharmaceutical manufacturer's motion for summary judgment). In fact, it is unlikely that this Court will encounter this case again once it is transferred to an MDL; as a 2004 report from the Administrative Office of the United States Courts revealed, fewer than 10% of the cases that have been resolved through MDL treatment since Congress enacted the MDL statute were ever transferred back to the original transferor district. Accordingly, a stay will conserve judicial resources.

In addition to the waste of judicial resources inherent in proceeding with this action prior to inevitable MDL transfer of this case to MDL-1657, Merck would be substantially prejudiced by duplicative discovery and motion practice if a stay were

not put in place. *See American Seafood, Inc. v. Magnolia Processing*, Civ. A. Nos. 92-1030, 92-1086, 1992 WL 102762, at *2   (E.D. Pa. May 7, 1992) ("The duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of a stay"). Plaintiffs across the country will surely notice the same set of Merck employees and former employees for deposition.  Without a stay, the risk exists that Merck will have to produce these witnesses multiple times in different jurisdictions.

A stay will not, however, unduly prejudice Plaintiffs in this action.  First, any delay that Plaintiffs may experience will be minimal, and the prejudice to Merck would far outstrip any harm to Plaintiffs.  *See Arthur-Magna v. Del-Val Financial Corp.*, No. CIV.A. No. 90-4378, 1991 WL 13725, at *1 (D. N.J. Feb. 1, 1991) (even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay).  Indeed, all of the parties – including Plaintiffs here – will benefit through increased efficiency and coordinated pretrial case management and, as such, any potential delay is outweighed by the potential efficiencies available in a coordinated MDL proceeding.  Second, this action is not on the eve of trial.  Discovery has not yet begun.  Because Plaintiffs have expended limited resources to date, they will not be prejudiced by a limited delay.  This Court should therefore stay all proceedings

in this civil action pending a determination on the transfer of this case to MDL-1657.

## II.    WITHOUT A STAY, THERE IS A RISK OF CONFLICTING RULINGS BETWEEN THIS COURT AND THE MDL COURT.

To avoid the risk of inconsistent substantive legal rulings, pretrial proceedings in this civil action and other actions should proceed in an orderly, coordinated fashion, as directed by the single court selected by the MDL Panel to coordinate these cases. *See Mathern,* 2004 WL 1922028, at * 1 ("a stay of this case pending transfer to the MDL will promote judicial efficiency and avoid conflicting rulings"); *Knearem*, 2002 WL 1173551, at * 1 ("Granting a stay of this litigation avoids the possibility of inconsistent pretrial rulings."); *Shannon v. Merck & Co., Inc.*, No. 2:03CV105-D-B, slip op. (N.D. Miss. Nov. 29, 2004) ("the court finds that because the issues involved in this matter are likely to be similar to other potentially transferred VIOXX cases, the policies of efficiency and consistency of pretrial rulings will be furthered by the this Court staying these proceedings."). Accordingly, the Court should stay these proceedings to ensure the efficient and consistent resolution of pertinent legal issues before the MDL judge.

## **CONCLUSION**

For the foregoing reasons, Merck respectfully requests that this Court grant its motion to stay all proceedings in this case pending transfer to the MDL proceeding that has been established in the Eastern District of Louisiana.


**s/Richard B. Garrett**

Richard B. Garrett
    Bar Number: (ASB-0782-A29R)
Mike Brock
    Bar Number:  (ASB-5280-B61R)
F. Chadwick Morriss
    Bar Number: (ASB-8504-S75F)


RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
Post Office box 270
Montgomery, Alabama 36101-0270
Telephone:  334/206-3100
Fax:  334/263-4157
E-mail:       rbg@rsjg.com
            rcb@rsjg.com
            fcm@rsjg.com


**Attorneys for Defendants**


## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2006, I served a copy of the foregoing upon:

Connie Singletary
375 McAlister Road

Abbeville, Alabama 36310

by placing same in the United States mail, postage prepaid.

**s/Richard B. Garrett**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 6 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1657*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE VIOXX PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation presently consists of 148 actions pending in 41 federal districts and listed on the attached Schedule A. Before the Panel are two motions, pursuant to 28 U.S.C. § 1407, that taken together seek centralization for coordinated or consolidated pretrial proceedings of all but one of these actions.[1] Plaintiff in one Eastern Louisiana action seeks centralization of this litigation in the Eastern or Western Districts of Louisiana. Defendant Merck & Co., Inc. (Merck) moves for centralization of this litigation in either the District of Maryland, the Southern District of Indiana, or the Northern District of Illinois. Merck also agrees with some plaintiffs that the District of New Jersey would be an appropriate transferee district. AmerisourceBergen Corp., a wholesaler defendant, supports centralization in the Maryland district. Most responding plaintiffs agree that centralization is appropriate, although some plaintiffs suggest alternative transferee districts, including the Northern District of Alabama, the Central or Northern Districts of California, the District of Delaware, the Southern District of Illinois, the District of Minnesota, the Eastern District of Missouri, the District of New Jersey, the Eastern or Southern Districts of New York, the Northern or Southern Districts of Ohio, the Western District of Oklahoma, the Eastern District of Pennsylvania, and the Southern or Western Districts of Texas.

---

* Judge Motz took no part in the decision of this matter.

[1] Included in the Section 1407 motions were eleven additional actions pending in the Central District of California (2), the Southern District of California (1), the Southern District of Illinois (2), the Southern District of Indiana (1), the Western District of Missouri (1), the Southern District of New York (1), the Northern District of Texas (1), and the Southern District of Texas (2). These actions have been either remanded to their respective state courts, voluntarily dismissed, or otherwise closed. Accordingly, inclusion of the actions in Section 1407 proceedings is moot.

One other action – *Teamsters Local 237 Welfare Fund, et al. v. Merck & Co., Inc.*, S.D. New York, C.A. No. 1:04-9248 – was not included on either MDL-1657 motion and is now included in this transfer order. All parties to this action had notice of the proceedings before the Panel relating to Section 1407 centralization and had an opportunity to participate in those proceedings by stating their respective positions in writing and during the Panel's hearing session.

The Panel has been notified of nearly 300 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

**EXHIBIT
A**

- 2 -

The three arguments in opposition to Section 1407 centralization can be summarized as follows: plaintiffs in two actions oppose inclusion of their actions in MDL-1657 proceedings, because motions to remand their actions to state court are pending; plaintiffs in some Southern Texas actions along with plaintiffs in one third-party payor action pending in the Southern District of New York oppose these actions' inclusion in MDL-1657, arguing that individual questions of fact in their actions predominate over any common questions of fact and/or that discovery is already underway in these actions; and plaintiffs in one action pending in the Eastern District of New York oppose inclusion of their action in 1407 proceedings, since it involves additional claims relating to a different prescription medication not involved in other MDL-1657 actions.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions focus on alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings. We note that motions to remand in two actions, one action each in the District of Kansas and the Eastern District of Missouri, as well as in any other MDL-1657 actions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

Nor are we persuaded by the arguments of some opposing Texas plaintiffs and the New York third-party payor plaintiffs. We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We note that the MDL-1657 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. *In re Mutual Funds Investment Litigation*, 310 F.Supp.2d 1359 (J.P.M.L. 2004). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, 199 F.R.D. at 436-38. We are confident in the transferee judge's ability to streamline pretrial proceedings in these actions, while concomitantly directing the appropriate resolution of all claims.

- 3 -

The Panel is persuaded, however, that claims involving a prescription drug other than Vioxx in one Eastern District of New York action do not share sufficient questions of fact with claims relating to Vioxx to warrant inclusion of these non-Vioxx claims in MDL-1657 proceedings.

Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the geographic focal point for this nationwide docket. Thus we have searched for a transferee judge with the time and experience to steer this complex litigation on a prudent course. By centralizing this litigation in the Eastern District of Louisiana before Judge Eldon E. Fallon, we are assigning this litigation to a jurist experienced in complex multidistrict products liability litigation and sitting in a district with the capacity to handle this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Eastern District of Louisiana are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

IT IS FURTHER ORDERED that claims in *Dominick Cain, et al. v. Merck & Co., Inc., et al.*, E.D. New York, C.A. No. 1:01-3441, against Pharmacia Corp., Pfizer Inc., and G.D. Searle & Co. relating to a prescription medication other than Vioxx are simultaneously separated and remanded to the Eastern District of New York.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

<u>MDL-1657 -- In re Vioxx Products Liability Litigation</u>

### Middle District of Alabama

*Paul Turner, Sr. v. Merck & Co., Inc.*, C.A. No. 1:04-999
*Danny M. Wilson v. Merck & Co., Inc.*, C.A. No. 2:03-844

### Northern District of Alabama

*Carolyn O. Hensley, etc. v. Merck & Co., Inc.*, C.A. No. 1:03-906
*William Cook v. Merck & Co., Inc., et al.*, C.A. No. 2:02-2710
*Sharon Scott Jones v. Merck & Co., Inc.*, C.A. No. 5:04-3079

### Southern District of Alabama

*Carolyn Younge, etc. v. Merck & Co., Inc., et al.*, C.A. No. 1:03-125

### Eastern District of Arkansas

*Linda Sue Otts v. Merck & Co., Inc.*, C.A. No. 5:04-57

### Western District of Arkansas

*Bobby Brown, et al. v. Merck & Co., et al.*, C.A. No. 4:04-4140
*Arthur Fulton, etc. v. Merck & Co., Inc.*, C.A. No. 6:03-6107

### Central District of California

*Charles Ashman v. Merck & Co., Inc.*, C.A. No. 2:04-8225
*Janet Briggs v. Merck & Co., Inc.*, C.A. No. 2:04-9275

### Northern District of California

*Kathy Tokes v. Merck & Co., Inc.*, C.A. No. 3:04-4435
*Patricia A. Taylor v. Merck & Co., Inc.*, C.A. No. 3:04-4510
*Jeffrey Brass v. Merck & Co., Inc.*, C.A. No. 3:04-4521

### Middle District of Florida

*Frances Dunleavey, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-539

- A2 -

**MDL-1657 Schedule A (Continued)**

#### Northern District of Florida

*Benjamin Burt, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-388

#### Southern District of Florida

*Ellen B. Gerber, et al. v. Merck & Co., Inc.*, C.A. No. 0:04-61429
*Josefa Abraham, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-22631
*Sidney Schneider v. Merck & Co., Inc., et al.*, C.A. No. 1:04-22632
*Clara Fontanilles v. Merck & Co., Inc.*, C.A. No. 1:04-22799
*Stanley Silber, et al. v. Merck & Co., Inc.*, C.A. No. 9:04-80983

#### Northern District of Georgia

*Richard Zellmer v. Merck & Co., Inc., et al.*, C.A. No. 1:03-2530
*Edna Strickland v. Merck & Co., Inc.*, C.A. No. 1:04-3231

#### Northern District of Illinois

*Linda Grant, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-6407
*Constance Oswald v. Merck & Co., Inc.*, C.A. No. 1:04-6741
*Anita Ivory v. Merck & Co., Inc.*, C.A. No. 1:04-7218

#### Southern District of Illinois

*Roberta Walson, etc. v. Merck & Co., Inc.*, C.A. No. 3:04-27
*John Ellis v. Merck & Co., Inc., et al.*, C.A. No. 3:04-792
*Bilbrey v. Merck & Co., Inc.*, C.A. No. 3:04-836

#### Southern District of Indiana

*Estate of Lowell D. Morrison v. Merck & Co., Inc.*, C.A. No. 1:03-1535
*Kimberly Van Jelgerhuis, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-1651

#### District of Kansas

*Vicky Hunter v. Merck & Co., Inc.*, C.A. No. 2:04-2518
*Betty S. Smith v. Merck & Co., Inc.*, C.A. No. 6:04-1355

- A3 -

**MDL-1657 Schedule A (Continued)**

Eastern District of Kentucky

*Daniel K. Williams v. Merck & Co., Inc.*, C.A. No. 2:04-235
*Richard J. Getty, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-452

Eastern District of Louisiana

*Salvadore Christina, Sr. v. Merck & Co., Inc.*, C.A. No. 2:04-2726
*Angelis Alexander v. Merck & Co., Inc.*, C.A. No. 2:04-2845
*Leonce Davis v. Merck & Co., Inc.*, C.A. No. 2:04-2937
*Mary V. Gagola v. Merck & Co., Inc.*, C.A. No. 2:04-3053
*Christine L. Parr v. Merck & Co., Inc.*, C.A. No. 2:04-3054
*Clifton Adam Savage, Sr. v. Merck & Co., Inc.*, C.A. No. 2:04-3055
*Delores Thomas Robertson v. Merck & Co., Inc.*, C.A. No. 2:04-3056
*Howard Mark Falick v. Merck & Co., Inc.*, C.A. No. 2:04-3060
*Warren L. Gottsegen, M.D. v. Merck & Co., Inc.*, C.A. No. 2:04-3065

Middle District of Louisiana

*Michael Wayne Russell v. Merck & Co., Inc.*, C.A. No. 3:04-712
*Linda Kay Hudson v. Merck & Co., Inc.*, C.A. No. 3:04-776
*Jesse Wilkinson v. Merck & Co., Inc.*, C.A. No. 3:04-800
*Wilson Brown v. Merck & Co., Inc.*, C.A. No. 3:04-801
*Dorothy Bracken v. Merck & Co., Inc.*, C.A. No. 3:04-802
*James Edward Benoit v. Merck & Co., Inc.*, C.A. No. 3:04-803
*Clarence Chiszle v. Merck & Co., Inc.*, C.A. No. 3:04-804

Western District of Louisiana

*Anthony J. Mallet, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:02-2304
*Calvin Warren, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-2110
*Vicki White v. Merck & Co., Inc.*, C.A. No. 3:04-2126
*Norma Merritt, et al. v. Merck & Co., Inc.*, C.A. No. 5:03-1401
*Herchial Wright, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2268
*Leroy Bates, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2269
*Vaughn McKnight v. Merck & Co., Inc.*, C.A. No. 5:04-2270
*Josephine Harper v. Merck & Co., Inc.*, C.A. No. 5:04-2271
*Lendell Burns, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2272
*Leona Sadler v. Merck & Co., Inc.*, C.A. No. 5:04-2273
*William Tice, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2274
*Maynard Butler, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2275
*Marion Evans, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2276
*Donna Lavergne v. Merck & Co., Inc.*, C.A. No. 6:04-2174

- A4 -

**MDL-1657 Schedule A (Continued)**

<u>District of Maryland</u>

*Lindsey Edler, etc. v. Merck & Co., Inc.*, C.A. No. 1:03-3612
*Melvin Biles v. Merck & Co., Inc.*, C.A. No. 1:04-975
*David Morris, Jr. v. Merck & Co., Inc.*, C.A. No. 8:04-3024
*Daniel Martin Jeffers, et al. v. Merck & Co., Inc.*, C.A. No. 8:04-3604

<u>District of Massachusetts</u>

*Frank R. Saia v. Merck & Co., Inc.*, C.A. No. 1:04-12166

<u>District of Minnesota</u>

*Carolyn Y. Glover v. Merck & Co., Inc.*, C.A. No. 0:03-5166
*Lowell Burris, Jr. v. Merck & Co., Inc.*, C.A. No. 0:04-4375
*Shirley Homister v. Merck & Co., Inc.*, C.A. No. 0:04-4754

<u>Northern District of Mississippi</u>

*Frances Shannon, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:03-105

<u>Southern District of Mississippi</u>

*Leona McFarland, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:03-247
*Bettye J. Magee, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:03-249
*Jerry Melton v. Merck & Co., Inc., et al.*, C.A. No. 2:04-372
*Janet Sue Morgan, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:03-435
*Brenda Price, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:04-866

<u>Eastern District of Missouri</u>

*Deyonne E. Whitmore v. Merck & Co., Inc.*, C.A. No. 4:03-1354
*Janice Perkins v. Merck & Co., Inc.*, C.A. No. 4:04-1446
*Jurhee Bench v. Merck & Co., Inc.*, C.A. No. 4:04-1447

<u>Western District of Missouri</u>

*Caroline Nevels v. Merck & Co., Inc., et al.*, C.A. No. 4:04-952
*Russell Young, etc. v. Merck & Co.*, C.A. No. 6:04-5117

- A5 -

**MDL-1657 Schedule A (Continued)**

### District of New Jersey

*Patrick Besaw v. Merck & Co., Inc.*, C.A. No. 3:04-5178
*Brenda Aguero, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-5341

### Eastern District of New York

*Dominick Cain, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:01-3441
*William Hanson v. Merck & Co., Inc.*, C.A. No. 1:04-2949
*Jerome Covington v. Merck & Co., Inc.*, C.A. No. 1:04-4439
*Alan Mell v. Merck & Co., Inc.*, C.A. No. 1:04-4606
*Lorraine Fialo v. Merck & Co., Inc.*, C.A. No. 1:04-4686
*Lawrence Wright, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-4485
*William Fontanetta, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-4486

### Southern District of New York

*Laney C. Davis v. Merck & Co., Inc.*, C.A. No. 1:04-8082
*Elizabeth Aiken v. Merck & Co., Inc.*, C.A. No. 1:04-8085
*Walter McNaughton v. Merck & Co. Inc.*, C.A. No. 1:04-8297
*Carmen M. Pagan, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-8959
*Teamsters Local 237 Welfare Fund, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-9248
*Anna Quick v. Merck & Co., Inc.*, C.A. No. 7:04-8169

### Northern District of Ohio

*Marjory Knoll v. Merck & Co., Inc.*, C.A. No. 1:04-2209
*Danford K. Jones, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-2217
*Meadows, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-2229 9
*Wanda Moldovan, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-2245
*Janet Dauterman, et al. v. Merck & Co., Inc.*, C.A. No. 3:03-7623

### Western District of Oklahoma

*Paul E. House v. Merck & Co., Inc.*, C.A. No. 5:04-1235

### Eastern District of Pennsylvania

*Henry Smith, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-4713
*Michelle Donovan v. Merck & Co., Inc.*, C.A. No. 2:04-4882
*Gwendolyn L. Carr v. Merck & Co., Inc.*, C.A. No. 2:04-4900
*Fred S. Engle v. Merck & Co., Inc.*, C.A. No. 2:04-5077
*Merrick Sirota, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-5130

- A6 -

**MDL-1657 Schedule A (Continued)**

### District of Puerto Rico

*Rafael Gonzalez-Arias, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-2263

### District of South Carolina

*Bridget Elaine Michaud, etc. v. Merck & Co., Inc.*, C.A. No. 4:03-3083

### Eastern District of Texas

*Arthur Clifford Hall, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-684
*Brenda Lewis, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-685
*Billie Painton, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-686
*Lovincy Richard, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:04-703
*Bill Jolley, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-376
*Marian Williamson, etc. v. Merck & Co., Inc.*, C.A. No. 2:04-406
*Deborah Daley, etc. v. Merck & Co., Inc., et al.*, C.A. No. 6:03-509

### Northern District of Texas

*Dellas Staples, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:03-180
*Michael R. Leonard v. Merck & Co., Inc.*, C.A. No. 3:04-2157
*Jack A. Register, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:04-2259

### Southern District of Texas

*Heirs of the Estate of Pablo Flores v. Merck & Co., Inc., et al.*, C.A. No. 2:03-362
*Audona Sandoval v. Merck & Co., Inc.*, C.A. No. 2:04-544
*Jeffrey L. Denny, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:04-526
*Kimberly D. Stubblefield, etc. v. Merck & Co., Inc., et al.*, C.A. No. 4:02-3139
*John P. Eberhardt v. Merck & Co., Inc.*, C.A. No. 4:03-1380
*Myrtle Louise Bell, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:03-3448
*Thomas Joseph Pikul, etc. v. Merck & Co., Inc., et al.*, C.A. No. 4:03-3656
*Opalene Stringer, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:03-3657
*Reginald K. Fears v. Merck & Co., Inc.*, C.A. No. 4:04-4187
*Peggy J. Balch v. Merck & Co., Inc.*, C.A. No. 4:04-4201
*John R. Stout v. Merck & Co., Inc.*, C.A. No. 4:04-4205
*Charles C. Gilmore v. Merck & Co., Inc.*, C.A. No. 4:04-4206
*Johnny White v. Merck & Co., Inc.*, C.A. No. 4:04-4207
*Donna Hale v. Merck & Co., Inc.*, C.A. No. 4:04-4208
*Bernadette Young v. Merck & Co., Inc.*, C.A. No. 4:04-4209
*William B. Gregory, Jr. v. Merck & Co., Inc.*, C.A. No. 4:04-4327

- A7 -

**MDL-1657 Schedule A (Continued)**

<u>Southern District of Texas</u> (Continued)

*Patricia Benavides, etc. v. Merck & Co., Inc., et al.*, C.A. No. 5:03-134
*Patricia Benavides, etc. v. Merck & Co., Inc., et al.*, C.A. No. 5:04-153
*Olga Sanchez v. Merck & Co., Inc., et al.*, C.A. No. 7:04-352
*Maria Emma Hinojosa v. Merck & Co., Inc.*, C.A. No. 7:04-373

<u>Western District of Texas</u>

*Joe Hopson, etc. v. Merck & Co., Inc., et al.*, C.A. No. 1:04-485
*Larry Lee Bauman, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-707
*Carolyn Reed, etc. v. Minor, et al.*, C.A. No. 1:04-731

<u>District of Utah</u>

*Della Jo Salt, et al. v. Merck & Co., Inc.*, C.A. No. 2:01-794

<u>District of Vermont</u>

*Sara Cheeseman v. Merck & Co., Inc.*, C.A. No. 1:04-261

<u>Western District of Virginia</u>

*Catherine Wheatley, etc. v. Merck & Co., Inc., et al.*, C.A. No. 2:04-20